IN THE UNITED STATES DISTRICT CIRCUIT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-60953-CIV-MARRA/JOHNSON

ACCESS FOR THE DISABLED, INC.,
A Florida Not-for-Profit Corporation,
ROBERT COHEN, PATRICIA KENNEDY,
and SHEILAH TRITT,

    Plaintiffs,

v.

BAER'S FURNITURE CO., INC.,
a Florida Corporation,

    Defendant.
_____/

## MOTION TO ENFORCE SETTLEMENT AGREEMENT
### (FOR INJUNCTIVE RELIEF)
### and Incorporated Memorandum of Law

**COME NOW** the Plaintiffs, Accesses for the Disabled, Inc., Robert Cohen, Patricia Kennedy and Sheilah Tritt, (hereinafter collectively the "Plaintiffs") by and through their undersigned counsel hereby move this court to enter an Order awarding the Plaintiffs injunctive relief pursuant to the terms of the Settlement Agreement and order the Defendant, Bear's Furniture Co., Inc., to abide by the terms of the Settlement Agreement entered between the parties including making all necessary reparations to the subject property and payment of attorneys' fees costs and litigation expenses and as grounds therefore states:

    1)    On January 15, 2008 Plaintiffs and Defendant entered into the Settlement Agreement (hereinafter "Agreement") that is attached hereto and incorporated herein as Exhibit "A."

    2)    Pursuant to the terms of paragraph 2 on page 3 of the Agreement, "all modifications to be undertaken pursuant to this Settlement Agreement shall be completed by **January 31, 2009**."

3) The Agreement required that the Defendant correct certain deficiencies in the property to bring it into compliance with the ADA. The details of these deficiencies and the necessary changes are set forth in greater detail in the following paragraphs.

4) On March 11, 2010, Pablo Baez of Herbert Neff & Associates performed an inspection of the subject property to determine if the Defendant had, in fact, complied with the provisions of the Agreement. A Re-inspection Report (hereinafter "Report") was prepared on March 18, 2010 and is attached hereto and incorporated by reference herein as Exhibit "B."

5) A copy of the Affidavit of Mr. Baez acknowledging the Report and adopting it for purposes of filing and this Amended Motion to Enforce is attached hereto and incorporated by reference herein as Exhibit "C." (The curriculum vitae of Pablo Baez is attached to his Affidavit). The specific details of the Agreement and violations are set forth in the following paragraphs.

6) In the Agreement, under the heading **ADA ACCESSIBILITY AND BARRIER REMOVAL**, paragraph 1a. , the Defendant was required to "have 1 disabled parking space." To be in compliance with all ADA guidelines.

7) Based upon the findings in the Report, the Defendant's parking spaces are still not ADA compliant as there is a curb ramp that extends into the access aisle. While the Agreement does state that the Defendant need only provide 1 parking space, not 2; the Report states that neither space is compliant.

8) In the Agreement, under the heading **ADA ACCESSIBILITY AND BARRIER REMOVAL**, paragraph 1b. , the Defendant was to "create a single unisex bathroom that is ADA compliant."

9) Based upon the findings of the Report, this was not done. The mirror in the unisex bathroom does not comply with ADA standards.

10)     In the Agreement, under the heading **ADA ACCESSIBILITY AND BARRIER REMOVAL**, paragraph 1c. , the Defendant was to "implement and enforce a policy and/or procedure of providing alternative tables for assisting disabled customers.... The tops of said alternative tables shall be from 28" to 34" above the finish floor and will provide knee clearance of at least 27" high, 30" wide and 19" deep." The tables were also "to be designated with ADA-compliant signage.

11)     Based upon the findings of the Report, this was not done. The counters are still in excess of 36", no alternative tables have been provided and no signage has been provided.

14)     On page 5 of the Agreement, under the heading **ENFORCEMENT PROVISIONS/COMPENSATORY DAMAGES** paragraph 6 states that "in the event the barrier removal, alterations and modifications required hereby are not timely complied with in all respects, Plaintiff's shall be entitled to obtain injunctive relief as requested in the Complaint..."

15)     Paragraph 8 of the Agreement under the heading **ENFORCEMENT PROVISIONS/COMPENSATORY DAMAGES** it states that "[i]n any action to enforce the Settlement Agreement, the prevailing party shall be entitled to their reasonable attorneys' fees, expenses and costs."

16)     Paragraph 8 as referenced above further states: "[i]n the event the barrier removal, modifications and alterations are not completed timely in all respects, Defendant shall pay all additional attorneys' fees, expert's fees, costs and litigation expenses incurred subsequent to the execution of this Settlement Agreement.

17)     Based upon the attachments to this Motion to Enforce the Settlement Agreement, it is clear that the Defendant did not abide by the terms contained therein and make the agreed upon reparations to the subject property by the agreed upon deadline.

18)   Because the Defendant did not make the reparations by the agreed upon deadline, the Plaintiffs were left with no other recourse to obtain relief than to hire and retain an expert to prepare the Report and to file the instant Motion.

### MEMORANDUM

19)   It is clear that based upon the supporting documentation the the Defendant is in violation of the Agreement as it has failed to complete the necessary reparations by the agreed upon deadline.

**WHEREFORE**  Plaintiffs hereby respectfully request that this honorable Court enter an Order determining that the Plaintiffs are the prevailing party and are entitled to the following relief:

a)   Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility in compliance with the terms of the Settlement Agreement;

b)   An award of attorney's fees, costs and litigation expenses pursuant to the terms of the Settlement Agreement.

c)   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act; including but not limited to any and all additional reparations as required that were not included in the Settlement Agreement, but would still be necessary to make the subject property complaint with Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record this 26th day of August, 2010.

Respectfully submitted,

Attorney for Plaintiff:

  /s/Spencer M. Rose
Spencer M. Rose, Esq.
**Thomas B. Bacon, P.A.**
4940 S.W. 34th Terrace
Fort Lauderdale, FL 33312
ph. (305) 213-7673
fax (954) 237-1990
smrose@thomasbaconlaw.com